**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **ED CV 26-3391-JFW(CTS)**                          Date:  June 22, 2026

Title:        Guangmang Li -*v*- Markwayne Mullin, et al.

**PRESENT:**
       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

       **Shannon Reilly**                                **None Present**
       **Courtroom Deputy**                          **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PETITIONER'S EMERGENCY**
                                        **MOTION FOR TEMPORARY RESTRAINING ORDER**
                                        **[filed 6/18/2026; Docket No. 6]**

       On June 18, 2026, Petitioner Guangmang Li ("Petitioner") filed an Emergency Motion for Temporary Restraining Order ("Motion").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving papers, and the arguments therein, the Court rules as follows:

       On June 18, 2026, the Clerk issued a Notice of General Order 26-05 and Briefing Schedule ("Notice"), which sets an expedited briefing schedule in this case.  Docket No. 5.  The briefing schedule requires Respondent to file an answer to Petitioner's Petition for Writ of Habeas Corpus ("Petition") no later than seven days from issuance of the Notice and Petitioner's reply is due no later than three days after the answer is filed.  In light of the expedited briefing schedule on the underlying Petition, the Court concludes that Petitioner has failed to demonstrate that emergency relief is necessary.  As a result, the Court concludes that Petitioner is not entitled to a temporary restraining order.  *See Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7, 22 (2008) (concluding that the petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"); *see also Granny Good Foods, Inc., v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (holding that the underlying purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing").

       Accordingly, Petitioner's Motion is **DENIED**.  Proceedings on the merits of Petitioner's Petition will continue before the Magistrate Judge.

       IT IS SO ORDERED.

Initials of Deputy Clerk __sr__